Donna HOWLAND, Plaintiff— Appellant,

v.

STONEBRIDGE LIFE INSURANCE COMPANY; Aegon USA Inc., Defendants—Appellees.

No. 05–16960.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2007 *.

Filed Oct. 23, 2007.

Steven J. Parsons, Esq., Law Offices of Steven J. Parsons, Las Vegas, NV, for Plaintiff–Appellant.

James P.C. Silvestri, Esq., Pyatt Silvestri & Hanlon, Las Vegas, NV, for Defendants–Appellees.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ROTH,** THOMAS, and CALLAHAN, Circuit Judges.

### MEMORANDUM ***

Donna Howland appeals the district court's grant of summary judgment in favor of Stonebridge Life Insurance Company ("Stonebridge") on her claims arising under Gary Howland's life insurance policy. We affirm. Because the parties are familiar with the factual and procedural history, we will not recount them here.

Gary Howland died in a single vehicle accident. His life insurance policy contained excluded coverage for injuries "sustained or contracted in consequence of the Covered Person being intoxicated." Intoxication was defined as "having a blood alcohol level of .10 percent weight by volume or higher." The accident report filed by the investigating Nevada Highway Patrol officer listed alcohol as a contributing factor in the accident, and autopsy results established that he had a blood alcohol level of .22 percent at the time of his death.

■ Although in reviewing a summary judgment motion, we must view the evidence in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the nonmoving party cannot defeat summary judgment by "rest[ing] upon mere allegations or denials." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In opposition to Stonebridge's summary judgment motion, Plaintiff offers only speculation, such as a the possibility of a mixup in blood samples. Given the state of the evidence, the district court did not err in concluding that Stonebridge had properly applied the intoxication exclusion.

■ Because the Stonebridge policy did not afford coverage, the district court properly granted summary judgment on Howland's claim of insurance bad faith. Under Nevada law, in order to establish a prima facie case of a bad faith denial of an insurance claim, "the plaintiff must establish that the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers v. United Servs. Auto. Ass'n,* 114 Nev. 690, 962 P.2d 596, 604 (1998). Here, given that there was no coverage under the insurance contract, the insurer had a reasonable basis for denying coverage. The fact that Stonebridge initially cited a non-operative policy exclusion from previous policy language in its letter denying coverage does not alter this conclusion. The letter sufficiently identified the policy exclusions, and Stonebridge had a reasonable basis for disputing coverage. The district court properly granted summary judgment on the insurance bad faith claim.

Given our resolution of these questions, it is unnecessary for us to reach any other issue urged by the parties on appeal.

**AFFIRMED.**

---

** The Honorable Jane Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.